FILED
SUPERIOR COURT
OF GUAM

2024 FEB -8 PM 3: 35

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0477-21** |
| | GPD REPORT NO. 21-23366 |
| vs. | |
| | **DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR ORDER GRANTING DEFERRED PLEA** |
| **KRYSTAL AGUON TAKAI,** aka **Krystal Lynn Aguon Takai** DOB: 02/25/1986 | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the Honorable Maria T. Cenzon on Krystal Aguon Takai's ("Defendant" or "Defendant Takai") Motion for Order Granting Deferred Plea Agreement (the "Motion"). Jennifer C. Davis represents Defendant Takai. The Court determined that oral argument was unnecessary and took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CR1.1(g) of the Criminal Procedure Rules of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order **GRANTING** the Defendant's Motion.

## II. BACKGROUND AND FACTS

On or about Saturday September 25, 2021, one of the victims, K.T.A. (DOB: 03/24/2006), reported to Guam Police Department (GPD) officers that her mother Defendant

Takai watched as her co-defendant in this case struck her and her brother K.C.A.T. (DOB: 12/14/2007) with a mop, even after the handle had broken off. Magistrate's Compl. Decl., Sep. 27, 2021. K.T.A. also alleges that the Defendant slapped her so much that her "ears were ringing." *Id.* The Defendants' actions were allegedly in response to discovering that K.T.A. had allowed people into the home that night, amidst the COVID-19 Pandemic when people avoided contact with people outside of their household to prevent the disease's spread. *Id.* GPD officers reported that K.T.A. had multiple horizontal markings and bruising on the fronts and backs of both thighs, slight abrasions on some of those markings, bruising on her right wrist, and redness on both of her shins. *Id.* K.C.A.T.'s injuries were also reported by officers as horizontal markings on the fronts and backs of both thighs and redness to his shins. *Id.* Takai's co-defendant indicated that his actions occurred for three hours that night. *Id.*

The Defendant is charged with: (1) FAMILY VIOLENCE (As a Misdemeanor); and (2) Two Counts of CHILD ABUSE (As a Misdemeanor). Magistrate's Compl. (Sep. 27, 2021). The Defendant now moves for both charges to be deferred pursuant to 9 GCA § 30.80.1. Mot. for an Order Granting Deferred Plea, (Oct. 27, 2023). Defendant Takai states that she is the ideal candidate for a deferred plea as she is a first-time offender, charged with a misdemeanor, and has already taken significant steps toward rehabilitation. *Id.* The People indicate that the Defendant is eligible for a deferred plea but still refuse to extend this plea to the Defendant due to the "severe and violent nature of the offenses." Notice (Nov. 28, 2022).

\\

\\

\\

\\

# III. DISCUSSION

**A. The Guam Legislature has declared its statutory intent to allow "first time offenders" of Family Violence to receive counseling, education, and treatment pursuant to a deferred plea.**

Guam Public Law 31, 103 (Oct. 4, 2011) is entitled "AN ACT TO AMEND § 10405(b) OF CHAPTER 40, TITLE 7, GUAM CODE ANNOTATED; AND TO REPEAL AND REENACT §§30,80 THROUGH 30.80.5 OF CHAPTER 30, TITLE 9, GUAM CODE ANNOTATED, RELATIVE TO DEFERRED PLEAS FOR DOMESTIC VIOLENCE ABUSERS." Within the language of the law itself, the Legislature declared an unequivocal intent to permit "first-time" family violence offenders the opportunity to participate in a "deferred plea" agreement after it adopted the findings of the Bureau of Justice, the National Coalition Against Domestic Violence, the American Bar Association and most national victims' support groups "that if first-time offenders receive counseling, education and in some cases, clinical treatment; they are less likely to reoffend." Family Violence Act, Pub. L. 31-103:1 (2013).

The resulting statute relating the deferred family violence plea is codified in Sections 30.80 through 30.80.5 of Chapter 30, Title 9, Guam Code Annotated. 9 GCA § 30.80.1 provides the eligibility requirements under the deferred plea and includes an absolute bar to defendants who fall within Section 30.80.1(a)(1)-(4). Of course, a defendant who is not automatically ineligible for a deferred plea based upon the conditions of preclusion is not guaranteed a deferred plea. 9 GCA 30.80.1(b)("[t]he fact that a defendant is not made ineligible by Subsection (a) . . . does not automatically entitle a defendant to the deferred guilty plea for family violence.").

\\

Instead, the law places the onus upon the prosecution, in the first instance, to determine eligibility and whether such a deferred plea would be extended to a defendant who qualifies:

> (c) The prosecuting attorney *shall determine* whether the defendant is ineligible for deferral by reason of any of the factors set forth in Subsection (A) of this § 30.80.1. If the prosecutor finds that the person is not ineligible, and will agree to a deferred plea, the prosecutor *shall* notify the defendant.
>
> (d) If the prosecutor finds that the defendant is ineligible, or if the prosecutor will not agree to a deferral although the defendant is not excluded by reason of Subsection (a) of this § 30.80.1, the prosecutor *shall notify* the defendant.

9 GCA § 30.80.1(c), (d) (emphasis added). The statute then provides that "any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this § 30.80.1 may apply to the court, by notice motion for an order granting a deferred plea." 9 GCA § 30.80.1(e).

In any event, under the deferred plea provisions of the Family Violence Act, the prosecutor is *required* to make a determination of eligibility and to notify the defendant of such eligibility; or, if he or she is eligible, but the prosecutor will not agree to a deferral, the prosecutor is still *required* to notify the defendant. Such determination was made and notice as required under Section 30.80.1(c) and (d) was filed with the Court in this case. Notice (Nov. 28, 2022).

**B. The Defendant is entitled to a deferred plea pursuant to the factors under 9 GCA § 30.80.2.**

Although the People do not agree to defer Defendant Takai's plea, the People have made a determination that she is eligible for a deferred plea. The Court must now assess whether the Defendant is entitled to a deferred plea under the specific circumstances of this case. Her entitlement to a deferred plea is based on whether Defendant Takai "would be benefited by a deferred guilty plea" by "consider[ing] the nature and extent of the injury

inflicted upon the victim, any prior incidents of family violence by the defendant, and any factors which would adversely influence the likelihood of successful completion of the deferred guilty plea agreement." 9 GCA § 30.80.2(a). The Court's decision in this matter shall be final and shall not constitute an appealable order. 9 GCA § 80.30.2(d).

### 1. The nature and extent of the injury inflicted upon the victims are worrisome.

As set forth in the Complaint and the GPD officers' observations, the nature and extent of the injuries inflicted upon the victims are worrisome to the Court. Here, the victim K.T.A. reported to officers that Defendant Takai watched as her co-defendant struck K.T.A. and K.C.A.T. with a mop, even after the handle had broken off. Magistrate's Compl. Decl., Sep. 27, 2021. K.T.A. further reported that the Defendant slapped her so much that her "ears were ringing." *Id.* The extent of K.T.A.'s injuries as reported by officers were multiple horizontal markings and bruising on the fronts and backs of both thighs, slight abrasions on some of those markings, bruising on her right wrist, and redness on both of her shins. *Id.* K.C.A.T.'s injuries consisted of horizontal markings on the fronts and backs of both thighs and redness to his shins. *Id.* While the officers did not observe visible injuries attributable to Defendant Takai slapping K.T.A., she still unreasonably permitted the endangerment of her children's physical health when she watched K.T.A.'s and K.C.A.T.'s father continuously strike them with a mop and kick their shins for three hours. *Id.*

The Court recognizes that the Public Law 31-109 recognized that "obtaining justice for victims of domestic violence largely outweigh the desires of their abusers[,]" however, that was in the context of eliminating the diversion program – which offenders preferred – over implementing the deferred plea, which continues to hold a defendant accountable by entering the plea if the offender fails to complete the treatment components and other conditions of her

probation. Nevertheless, the extent of the injuries upon the minor victims, while not life-threatening, still weighs against granting the Defendant a deferred plea.

## 2. There are no prior incidents of family violence by the Defendant.

Defendant Takai is a first-time offender with no criminal record, including any prior family violence acts. While the Defendant has committed no prior incidents of family violence, Takai acknowledged that she is a victim of family violence in her co-defendant's prior case (CM0488-11), which may have affected her ability to intervene against the co-defendant on behalf of her children in this case. Mot. for an Order Granting Deferred Plea, (Oct. 27, 2023). However, the Defendant indicated that "she is not only willing to participate in counseling but will complete a program ordered in this court." *Id.* at p. 2. In the related matter in family court, Takai has already successfully completed education and family counseling with Client Services & Family Counseling (CSFC) Division. *Id.* at p. 3. The Court agrees that further education and counseling will help Defendant Takai address her past trauma and how to move forward as a better parent for the victims. Thus, this factor weighs in favor of granting the Defendant a deferred plea.

## 3. There are no factors, which would adversely influence the Defendant's likelihood of successfully completing a deferred guilty plea agreement.

As mentioned earlier, the Defendant has completed education and family counseling with CSFC Division. Since then, Defendant Takai has been reunited with the victims and continues to retain full legal and physical custody of them. Defendant Takai – a licensed nurse – has the financial ability to pay any fines or fees associated with the deferred plea, should this plea be granted. Since there are no other factors that would adversely influence the Defendant's likelihood of successfully completing a deferred guilty plea agreement, the Court finds that Defendant Takai would be benefited by a deferred guilty plea.

## IV. CONCLUSION

For the reasons set forth herein, the Court hereby finds that the Defendant is eligible and entitled to a deferred plea pursuant to 9 GCA § 30.80.1. The Court hereby **GRANTS** the Defendant's Motion.

The People are ORDERED to provide the Defendant a deferred plea consistent with the Court's decision herein within thirty (30) days of the issuance of this Decision and Order.

SO ORDERED, this _8th_ day of _February, 2024_ .

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam